**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KHALID AUSTIN MAHAMMEND,

   Petitioner,

   v.

DIRECTOR GAIL WATTS,
LAUREN ANN STONE,
  *States Attorney*,
JASON ISAAC ALLEN,

   Respondents.

Civil Action No.:  PWG-21-2266
(Related Cases: JKB-21-2110 and
   DLB-21-2265)

**MEMORANDUM OPINION**

The above-entitled Petition for Writ of Habeas Corpus, ECF 1, pursuant to 28 U.S.C. § 2241 was filed on September 2, 2021, together with a Motion to Proceed in Forma Pauperis, ECF 2. This Court now grants Mr. Mahammend's Motion to Proceed in Forma Pauperis and dismisses his habeas petition.

Petitioner, Khalid Austin Mahammend, is a pre-trial detainee confined at the Baltimore County Detention Center awaiting trial in both Baltimore and Harford County. *See State v. Mahammend*, Crim. Case No. 191580237 (Balt. Co. Cir. Ct. 2019); *State v. Mahammend*, Crim. Case No. C-12-CR-20-000162 (Harf. Co. Cir. Ct. 2020).[1] Similar to the claims raised in a petition Mr. Mahammend filed at the end of August 2021, he asserts that he has been held in custody for 27 months which violates his federal constitutional rights and his rights under Maryland law. ECF 1 at 7. Specifically, he claims his Sixth Amendment right to a speedy trial has been violated and that because he has been locked up for over a year his detention is presumptively prejudicial. *Id*.

---

[1] http://casesearch.courts.state.md.us/casesearch/

at 7-8. He claims that all of the delays in bringing him to trial are chargeable to the State and that he never waived his right to a speedy trial. *Id*. at 8. Mr. Mahammend further claims he was denied his preliminary hearing because the State failed to bring him to court. *Id*. at 9.

As this Court has observed in Mr. Mahammend's prior case:

> Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).
>
> Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).
>
> Mahammend has open criminal cases in Baltimore County and Harford County. In the Baltimore County cases, the Circuit Court for Baltimore County found good cause for the delay in proceedings in June 2021. *See State v. Mahammend*, Criminal Central Case No. 191580237 (Balt. Co. Cir. Ct. 2019) (June 22, 2021 entry finding "good cause" to go beyond Hicks). Mahammend is represented by counsel and, importantly, he has provided no indication that his claims cannot be resolved by the State courts. The State court's consideration of Mahammend's arguments regarding whether his right to a speedy trial has been abridged is not denied to him simply because the court disagrees with his position. The instant petition does not demonstrate a cognizable basis for federal pre-trial habeas relief where, as here, petitioner is represented by counsel in the State case, the case has not remained idle, and there has not been an exhaustion of State remedies. In short, extraordinary circumstances justifying this court's intervention into State court proceedings are not present here.

*Mahammend v. Stone*, Civil Action JKB-21-2110 (D. Md. 2021) ECF No. 4 at 2-3 (footnotes omitted). Nothing in this current petition offers a basis to change the Court's analysis of Mr.

Mahammend's claims. The petition shall accordingly be dismissed by separate Order which follows.


  September 20, 2021                                   /S/
Date                                          Paul W. Grimm
                                              United States District Judge